**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.: _____**

Jonathan Price,
      Plaintiff

v.

Portfolio Recovery Associates, LLC,
      Defendant
_____

**COMPLAINT AND JURY DEMAND**
_____

## JURISDICTION

1.　　　This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts. Jurisdiction is proper before this Court pursuant to 15 U.S.C. § 1692k(d).

## VENUE

2.      Venue is proper before this Court as the acts and transactions giving rise to this suit occurred in this State, because Plaintiff resides in this State, and because Defendant transacts business in this State.

## PARTIES

3.      Plaintiff, Jonathan Price (hereinafter "Plaintiff"), is a natural person residing in Colorado.

4.      Defendant, Portfolio Recovery Associates (hereinafter "Defendant"), was limited liability company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5.      At various and multiple times prior to the filing of the instant complaint, including within the year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt (hereinafter referred to as "the Debt").

6.      In particular, Defendant began contacting Plaintiff in an attempt to collect the Debt in December of 2009. The Debt was allegedly an account with Wells

Fargo. In the initial contact, and in each contact thereafter, Plaintiff explained to Defendant that he did not owe the Debt and that he had never had an account with Wells Fargo and that the Debt must belong to another person with the same name. Despite Defendant having been informed by Plaintiff that the debt was not his, Defendant continued to insist that the Plaintiff owed the Debt.

7.    Plaintiff requested to Defendant to cease communications. Despite Defendant having received such request, Defendant continued to contact Plaintiff in an attempt to collect the Debt.

8.    In each of the contacts with Plaintiff, Defendant insisted that the Debt belonged to Plaintiff and demanded that Plaintiff provide personal information to Defendant, including disclosing a portion of his social security number. Plaintiff, being under no affirmative obligation to provide Defendant with any identifying information, refused to comply with Defendant's repeated demands.

9.    On December 18, 2009, after such time as Defendant was repeatedly informed that Plaintiff did not owe the debt, Defendant sent a letter to Plaintiff, providing him with details of the debt and again demanding payment from Plaintiff for the Debt that he did not owe.

10.    Defendant's conduct violated the FDCPA in multiple ways, including but not limited to falsely representing the character, amount, or legal status of Plaintiffs debt, including sending Plaintiff a letter verifying that the alleged debt

belongs to him after Plaintiff disputed the alleged debt and insisting that Plaintiff pay a debt that he did not owe, in violation of 15 USC § 1692e(2)(A).

## TRIAL BY JURY

7.      Plaintiff is entitled to and hereby demands a trial by jury.

## COUNT 1, FDCPA VIOLATIONS

8.      The previous paragraphs are reincorporated by reference as though they were fully set forth herein.

9.      The acts described above constitute a violation of the FDCPA, and these acts were done willfully and intentionally.

10.     Plaintiff is entitled to actual and statutory damages for the above pursuant to §1692(k).

## PRAYER

**WHEREFORE,** Plaintiff prays this Honorable Court grant the following:

A.      a declaratory judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages;

C.      Punitive Damages;

D.      Statutory damages pursuant to 15 U.S.C. § 1692k;

E.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

F.      Such other and further relief as may be just and proper.

Respectfully submitted,

March 24, 2010

**/s/ Tammy Hussin**
**Tammy Hussin**
**Weisberg & Meyers LLC**
**6408 Merlin Place**
**Carlsbad, CA 92011**
**866 565 1327 facsimile**
**thussin@AttorneysForConsumers.com**